IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY FRIZZELL,

        Plaintiff,                    No. 2:11-cv-0341 KJN P

     vs.

SHASTA COUNTY PUBLIC
DEFENDER J. AHEART, et al.,        ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a county jail inmate proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding]

1

1  unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-
2  44 (1926)).

3  "The Younger doctrine was borne of the concern that federal court injunctions
4  might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703
5  F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the
6  most unusual circumstances is a defendant entitled to have federal interposition by way of
7  injunction or habeas corpus until after the jury comes in, judgment has been appealed from and
8  the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.)
9  (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014
10 (1980).

11 In the instant action, plaintiff alleges his public defender, defendant J. Aheart, is
12 "not helping [him] in any way on [his] defense." (Dkt. No. 1 at 3.) Plaintiff seeks appointment
13 of conflict counsel, and asks this court to suspend the criminal case against him.

14 Plaintiff has alleged no facts demonstrating the extraordinary circumstances
15 required to interfere in pending state criminal proceedings. See Younger, 401 U.S. 37 (only in
16 the most unusual of circumstances should a federal court interfere in an ongoing state criminal
17 matter). Therefore, the complaint should be dismissed.

18 In addition, plaintiff names J. Aheart, and the entire Shasta County Public
19 Defender's office, as defendants. These defendants are not proper defendants. To state a claim
20 under 42 U.S.C. § 1983, a complaint must allege that (a) the conduct complained of was
21 committed by a person acting under color of state law and that (b) the conduct deprived a person
22 of a right, privilege, or immunity secured by the Constitution or laws of the United States.
23 Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams,
24 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if
25 both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985),
26 cert. denied, 478 U.S. 1020 (1986). First, plaintiff provides no charging allegations as to

1  defendants identified as the "entire public defender's office of Shasta County." A plaintiff must
2  allege facts showing how each individually named defendant caused or personally participated in
3  causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).
4  Second, defendant Aheart is representing plaintiff in pending criminal proceedings. Generally,
5  criminal defense attorneys, including public defenders, are considered private parties who did not
6  act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); West v.
7  Atkins, 487 U.S. 42 (1988) (when representing an indigent defendant in a state criminal
8  proceeding, the public defender does not act under color of state law for purposes of § 1983
9  because he is not acting on behalf of the state; he is the state's adversary). If plaintiff believes
10 that his public defender in his criminal case is not adequately representing plaintiff, such a claim
11 should be brought in plaintiff's criminal case, and on appeal of that case, if necessary.

12          Accordingly, IT IS HEREBY ORDERED that:

13          1. Plaintiff's request for leave to proceed in forma pauperis is granted; and

14          2. The Clerk of Court is directed to randomly assign a district judge.

15          IT IS HEREBY RECOMMENDED THAT this action be dismissed for failure to
16 state a cognizable civil rights claim.

17          These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
19 one days after being served with these findings and recommendations, plaintiff may file written
20 objections with the court. The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
22 ////
23 ////
24 ////
25 ////
26 ////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

friz0341.dm